AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JERRELL ALLEN<br><br><br><br><br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.   5:25-mj-002935(TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On

or about the date(s) of September 17, 2025, in the county of Onondaga in the Northern District of New York the

defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., Section 922(g). | Unlawful Possession of a Firearm by a Felon. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒   Continued on the attached sheet.

_____
Complainant's signature

Andrew Quinn, DEA Task Force Officer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: ____Sept 19, 2025____

_____
Judge's signature

City and State:   Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Andrew Quinn, being first duly sworn, hereby depose and state as follows:

1.     I make this affidavit in support of a criminal complaint charging Jerrell ALLEN ("ALLEN") with violating Title 18, United States Code, Section 922(g), unlawful possession of a firearm by a felon. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts and circumstances that I believe establish probable cause for the complaint.

2.     On September 4, 2025, U.S. Magistrate Judge Thérèse Wiley Dancks signed a search warrant authorizing law enforcement to search, among others, the person of Jaron FLAGG ("FLAGG")[1], and FLAGG's residence in the City of Syracuse (hereafter, "the Target Residence").

3.     On September 17, 2025, law enforcement agents executed those search warrants. Prior to execution, surveillance at the Target Residence observed the following:

   a.     Jerrell ALLEN arrived at the Target Residence on an e-bike. ALLEN did not possess a backpack.

   b.     ALLEN remained outside for about a minute until FLAGG exited the side door of the Target Residence, and then both ALLEN and FLAGG went inside using the same side door. FLAGG and ALLEN remained inside the Target Residence together for approximately one hour.

   c.     FLAGG was then observed exiting the Target Residence and walking down his street towards his vehicle. ALLEN exited the Target Residence approximately

---

[1] Flagg is also being charged by separate complaint for conduct relating to this search warrant execution.

two minutes later and stood at the end of the driveway. When ALLEN exited the Target Residence, he was wearing a distinctive backpack—a black champion backpack with a "C" logo and "Champion" written down the side. Law enforcement captured photos of ALLEN wearing the distinctive backpack.

4.    Based on their observations, law enforcement believed that FLAGG may have given ALLEN evidence to remove from the Target Residence in the distinctive backpack. As a result, agents decided to stop both men and execute the search warrants.

5.    Law enforcement approached FLAGG and ALLEN in unmarked cars equipped with police lights, and wearing clearly labelled police insignias. ALLEN fled the area on foot, wearing the distinctive backpack. FLAGG was detained without incident.

6.    ALLEN ran behind a shed at the residence adjacent to the Target Residence, still wearing the distinctive backpack. Law enforcement encountered ALLEN behind the shed and detained him pending further investigation. When agents made contact with ALLEN behind the shed, he was no longer wearing the distinctive backpack. Law enforcement observed that the backpack was on the roof of the nearby shed.

7.    Officers retrieved the backpack and recovered several items from within, including:

a.    A Glock model 32 .357 caliber semi-automatic pistol, bearing serial number BWMX379;

b.    An extended magazine loaded with several rounds of 9mm ammunition (from the magazine well of the Glock 32)[2];

c.    A second pistol magazine, loaded with one .357 caliber round;

---

[2] A 9mm round is slightly smaller than a .357 caliber pistol round (a .357 caliber bullet is 9.07mm). The 9mm round would be physically capable of entering a .357 firing chamber, and the projectile would be physically capable of travelling through its barrel.

d.    Three credit cards bearing ALLEN's name.

8.    I reviewed the Glock pistol and its markings and observed an inscription reading: "Made in Austria Glock, Inc., Smyrna, GA." Based on my training and experience, as well as the inscription, I believe that the Glock pistol was manufactured outside the State of New York and therefore traveled in and affected interstate commerce.

9.    ALLEN is prohibited from possessing a firearm. On or about October 26, 2022, ALLEN was convicted in Onondaga County Court of Criminal Mischief in the Second Degree and Criminal Possession of a Controlled Substance in the Third Degree. ALLEN was sentenced to 2 to 4 years in prison as a result.

10.    Based on the facts set forth above, I respectfully submit that there is probable cause to believe that Jerrell ALLEN has violated Title 18, United States Code, Section 922(g)(1), unlawful possession of a firearm by a felon.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Andrew Quinn
Task Force Officer
Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by video conference on September 19, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Honorable Thérèse Wiley Dancks
U.S. Magistrate Judge

3